DAVIS, Judge.
The Department of Children and Family Services (the Department) and the Guardian Ad Litem Program (GAL) challenge the trial court’s partial denial of the petition for termination of parental rights filed by the Department against M.M., the Father, and A.H., the Mother, as to two minor children. The petition sought termination based on several grounds, including an allegation of egregious abuse by the Father. Specifically, the petition alleged that the Father had severely beaten the two-year-old child, G.M. The trial court granted the petition as to the Father in regard to G.M. but denied the petition as to the Father’s rights to the younger child, V.M., and as to the Mother entirely. We affirm the denial of the petition with regard to the Mother without comment. But because the Father entered his consent to the petition, we reverse the portion of the trial court’s order that denies the petition as to the Father’s rights to V.M.
The trial court held a two-day hearing on the petition on February 6 and March 4, 2009. At the outset of the second day, the Father notified the court that he wanted to enter a consent to the petition. After being placed under oath, the Father answered questions from his attorney exhibiting that he understood that the court could terminate his parental rights based on the allegation of egregious abuse and that his rights could be terminated even if the Mother’s were not.
After the trial court determined that the Father’s consent was freely and voluntarily given, the Department inquired as to what role the Father and his attorney would play in the remainder of the trial. *871 Counsel for the Father responded as follows:
He is still facing criminal charges. While he’s entered a consent to the petition and the court may at some point find that it is in the best interest of the children to terminate his rights alone, that has not happened yet and is a separate determination from his consent. So I would plan to be here and [the Father] being a party to the case I believe has every right to be here. So, we were going to sit this one out, and whatever the State did [sic] we would deal with it.
As such, the Father and his counsel were present for the remainder of the trial, after which the trial court terminated the Father’s parental rights to G.M. based on the Father’s egregious conduct toward that child. The court, however, declined to terminate the Father’s rights to V.M., concluding that “the Department failed to establish that termination is the least restrictive means of protecting the child from harm.”
The trial court relied on T.L. v. Department of Children & Family Services, 990 So.2d 1267 (Fla. 2d DCA 2008), in denying the petition against the Father as to the child, V.M. In that case, the Department filed a petition for termination of a father’s parental rights alleging physical abuse of the child’s sibling. The trial court granted the petition, but this court reversed. The bases of the reversal included the Department’s failure to present sufficient evidence of a nexus between the actual abuse experienced by the one child and the potential for abuse to the other child, who was the subject of the petition. Additionally, this court determined that there was a lack of evidence to support the trial court’s finding that termination was the least restrictive means.
The trial court below found the facts of this case to be similar to those of T.L. in that in neither case was there evidence that the subject child actually had been physically abused or that the Department had previously offered services that were refused. Further, the trial court pointed out that here the Department presented no psychological testimony to indicate that the Father had a mental or emotional condition that would prevent him from benefiting from services. Accordingly, the trial court concluded that T.L. required the denial of the petition against the Father as to V.M.
On appeal, the Department argues that the trial court erred in coming to this conclusion. The Department maintains that when the Father entered his consent to the petition, he waived any right to contest the issues regarding the grounds for the termination, including whether termination is the least restrictive means of protection. By analogy, the Department cites Florida Department of Children & Family Services v. P.E., 14 So.3d 228, 236 (Fla.2009), in which the Supreme Court of Florida determined that if the trial court enters a statutorily designed “constructive” consent after a parent fails to appear at the termination of parental rights trial despite notice, “the parent may not challenge the basis for the termination of parental rights” alleged in the petition for termination. The Department suggests that it is illogical to conclude that a personally entered consent requires the Department to present more evidence than a constructive consent based on a parent’s failure to appear at the adjudicatory hearing. We agree.
First, we note that T.L. is factually distinguishable from the instant case. In T.L., the father contested the factual allegations throughout the trial and successfully demonstrated on appeal that the Department failed to produce sufficient evidence to support its allegations. Here, *872 the Father consented to the petition, thus relieving the Department of the need to present evidence to support the allegations of the petition, including that the Father had severely beaten G.M., the sibling of V.M.; that he had “dangerous propensities”; and that he had committed “prior acts of violence upon the children.” (Emphasis added.) The instant petition also alleged that the Mother had advised the Department that the Father had anger management issues and had slapped the children out of frustration. The Department specifically noted that it “reasonably fears based upon the facts discovered through it[s] investigation, that V.M. was placed in the same risk of danger and potential physical abuse as was her sibling, G.M.”
Based on these facts, the Department further alleged that the Father had engaged in conduct toward the children that demonstrates that his continuing involvement in the parent-child relationship would threaten the life, safety, or well-being or physical, mental, or emotional health of the children, irrespective of services. By entering his consent to this allegation, the Father agreed that his continued involvement would pose a threat to the children with or without a case plan. See § 39.806(l)(c), Fla. Stat. (2008) (“Provision of services may be evidenced by proof that services were provided through a previous case plan or offered as a case plan.”). By acknowledging through his consent that a case plan would be futile, the Father implicitly agreed that termination is the least restrictive means. See Padgett v. Dep’t of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991) (defining “least restrictive means” as “a good faith effort to rehabilitate the parent ... such as through a current performance agreement”).
Furthermore, at no time did the Father contest the issue of least restrictive means below. Although this court has concluded that the trial court must determine whether termination is in the manifest best interest of the child regardless of whether the parents participate in the final hearing, see In re H.E., 3 So.3d 341, 343 (Fla. 2d DCA), quashed in part on other grounds, 14 So.3d 228 (Fla.2009), no such requirement exists regarding the issue of least restrictive means.
Because by his consent to the allegations in the Department’s petition the Father acknowledged that grounds existed to support termination of his rights to both children and that such termination was the least restrictive means, we conclude that the trial court erred in denying the termination of the Father’s parental rights to V.M. We therefore reverse and remand to the trial court with instructions to enter a final judgment granting the petition against the Father as to both minor children, G.M. and V.M.
Affirmed in part, reversed in part, and remanded.
WHATLEY and SILBERMAN, JJ, Concur.